IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ZABIULLAH ATTAIE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3227 |
| | ) | |
| v. | ) | |
| | ) | |
| TELEX COMMUNICATIONS, INC., | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion for summary judgment (Filing No. 28). Plaintiff has responded to this motion with two letters, one of which the Clerk of the court construed as a motion (Filing Nos. 32 and 37). Also pending are defendant's motion to compel (Filing No. 21), motion to withdraw motion to compel (Filing No. 25), motion for leave to file reply brief (Filing No. 35) and plaintiff's motion for protection order (Filing No. 23). Defendant's motion for summary judgment will be granted and the other pending motions will be denied as moot.

## I.    BACKGROUND

Plaintiff, Zabiullah Attaie, filed his original complaint in this matter on November 13, 2008 (Filing No. 1.) On initial review, the Court determined that plaintiff's allegations failed to state a claim upon which relief could be granted (Filing No. 6). However, the Court granted plaintiff the opportunity to file an amended complaint. (*Id*.) On January 12,

2009, plaintiff filed an amended complaint and the Court allowed his claims to proceed (Filing Nos. 7 and 8).

In his amended complaint, plaintiff alleges that defendant, Telex Communications, Inc. ("Telex"), discriminated against him on the basis of his national origin and retaliated against him because he filed a lawsuit and other administrative charges against Telex (Filing No. 7 at CM/ECF pp. 1-2). On August 5, 2009, Telex filed a motion for summary judgment along with a brief and an index of evidence to support the Motion. (Filing Nos. 28, 29, and 30.) Plaintiff responded with two one-page letters that ask the Court to "review" his case (Filing Nos. 32 and 37). The Court liberally construes these letters as a response to Telex's motion for summary judgment.

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations to evidence supporting the opposition. Id. "Properly referenced material facts in the

movant's statement will be deemed admitted unless controverted by the opposing party's response." *Id.*; *see also* Fed. R. Civ. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

The Court has carefully reviewed the documents submitted by both parties. Plaintiff's letters do not dispute any of the material facts or legal arguments in Telex's brief. Therefore, the Court finds that Telex has submitted a statement of material facts in accordance with the court's Local Rules. However, plaintiff has not submitted a "concise response" to those facts. Further, Telex has submitted evidence which was properly authenticated by affidavit. Plaintiff has not. This matter is deemed fully submitted and the undisputed material facts set forth by Telex in its brief are "deemed admitted" and are adopted below.

## II.    RELEVANT MATERIAL FACTS

1. Plaintiff Zabiullah Attaie is a citizen of Nebraska.

2. Defendant Telex Communications, Inc., also known as Bosch Security Systems, is a Delaware corporation. Telex operates a manufacturing facility at 8601 Cornhusker Highway in Lincoln, Nebraska.

3. Telex employed plaintiff from November 1993 through December 2002.

4. In October 2003, plaintiff filed a complaint in the United States District Court for the District of Nebraska, Case No. 4:03CV3358, alleging, among other things, that Telex discriminated against him on the basis of his national origin (Afghan) and religion (Muslim) in violation of Title VII.

5. Plaintiff and Telex resolved Case No. 4:03CV3358 pursuant to a settlement agreement executed on August 6, 2004. Plaintiff knowingly and voluntarily entered into this settlement agreement and was represented by an attorney throughout settlement negotiations.

6. Pursuant to the settlement agreement, plaintiff waived and released all claims arising out his employment with Telex or the termination of his employment with Telex, including his Title VII claims.

7. Plaintiff cross-filed an administrative charge of discrimination with the Nebraska Equal Opportunity Commission ("NEOC") and the Federal Equal Employment Opportunity Commission ("EEOC") on June 13, 2005.

8. Plaintiff cross-filed an administrative charge of discrimination with the NEOC and EEOC on August 20, 2007, and amended that administrative charge on February 26, 2008.

9. Plaintiff's complaint in this matter arises out of the administrative charge plaintiff filed on August 20, 2007, and amended on February 26, 2008.

10. Noriah Azizi is a current Telex employee who has been employed by Telex since 2000.

11. Plaintiff and Azizi were formerly married. Azizi filed a divorce proceeding in Lancaster County District Court in December 2003, and the divorce became final in September 2004.

12. Mohamad Jangir is a current Telex employee who has been employed by Telex since 1999.

13. Heidi Schlabach is employed by Telex as the Human Resources Manager for Telex's Lincoln facility.

14. One of Schlabach's job responsibilities is responding to reference inquiries made by other companies about former Telex employees. No other Telex manager or executive is responsible for responding to these reference inquiries.

15. Schlabach's general practice with regard to answering reference inquiries is to provide only the former Telex employee's dates of employment with Telex and last salary with Telex.

16. Schlabach does not recall responding to any employment reference inquiries by Kawasaki, Molex, the U.S. Department of Defense, or Budweiser about Plaintiff, nor does she

recall communicating with any of these companies or entities about plaintiff.

17. Reta Shuey is employed by Telex in its Lincoln facility as the Value Stream Manager.

18. Shuey's job responsibilities include providing leadership and decisions in strategic and technical areas, through all areas of manufacturing and new product introduction. Shuey is not responsible for answering reference inquiries about former Telex employees. Shuey has never answered a reference inquiry from another company about a former Telex employee.

19. Plaintiff alleges that he was denied permanent employment with Kawasaki in March 2005 because of a bad employment reference from Telex. However, plaintiff never spoke with a Kawasaki employee about the bad reference. In addition, plaintiff does not know the identity of the Kawasaki employee who received the bad reference, the identity of the Telex employee who provided the bad reference, or the substance of the bad reference.

20. Plaintiff alleges that he was denied permanent employment with Molex in November 2005 because of a bad employment reference from Telex. However, plaintiff never spoke with a Molex employee about the bad reference, does not know the identity of the Molex employee who received the bad reference, or the substance of the bad reference.

21. Plaintiff alleges that his contract with a contractor of the U.S. Department of Defense was terminated because of a bad employment reference from Telex. However, plaintiff does not know the identity of the Telex employee who provided the bad reference, or the substance of the bad reference.

22. Plaintiff alleges that he was not hired by Budweiser in February 2007 because of a bad employment reference from Telex. However, plaintiff does not know the identity of the Telex employee who provided the bad reference, or the substance of the bad reference.

23. Plaintiff alleges that he was not hired by Molex in November 2007 because of a bad employment reference from Telex. However, Plaintiff does not know the identity of the Telex employee who provided the bad reference, or the substance of the bad reference.

24. Telex did not encourage Azizi to divorce plaintiff, did not assist Azizi during the divorce or child support proceedings and did not provide any financial assistance to Azizi relating to her divorce or child support proceedings.

25. Telex did not encourage, direct, or force Jangir to testify in court on behalf of Azizi at any time.

26. Telex has never called the police to allege that plaintiff was illegally or improperly on Telex's property or that plaintiff threatened to shoot Azizi.

27. Telex did not pay or reimburse Jangir for any state court fine or ticket, nor did Telex provide Jangir a blank check on or about May 29, 2007, to pay for any such state court fine or ticket.

28. Telex has never asked, directed, instructed, or encouraged any employee to threaten or harass plaintiff.

29. Telex has never hired anyone to shoot or kill plaintiff.

30. Telex does not have any knowledge as to whether Jangir and Azizi have ever been involved in a romantic or sexual relationship (Filing Nos. 29 and 30).

### III.     ANALYSIS

**     A.    Standard of Review**

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the Court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue.

*Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999).  In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion.  *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'"  *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)).  "A mere scintilla of evidence is insufficient to avoid summary judgment."  *Id.*  Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

    **B.**   **Plaintiff's Title VII Discrimination Claims**

Title VII, as amended, makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-

2(a). However, this anti-discrimination provision is "explicitly limit[ed] . . . to actions that affect employment or alter the conditions of the workplace." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006).

As discussed above, Telex employed plaintiff from 1993 until December 2002 (Filing No. 30-10, Attach. 9 at CM/ECF p. 2). On October 8, 2003, plaintiff filed suit in this Court alleging that Telex terminated him because of his national origin in violation of Title VII. (*See* Case No. 4:03CV3358.) Plaintiff and Telex resolved that suit with a settlement agreement and release. (Filing No. 30-6, Attach. 5; *see also* Case No. 4:03CV3358, Filing No. 35.) The release specifically provided that "Attaie hereby releases and discharges Telex . . . from any and all claims . . . arising out of his employment or termination thereof . . . [or] arising out of any alleged violation of . . . Title VII . . . ." (Filing No. 30-6, Attach. 5 at CM/ECF pp. 3.) This language was clear and unambiguous. (*Id*.) In addition, plaintiff was represented by an attorney throughout the settlement negotiation. (*See* Docket Sheet, Case No. 4:03CV3358.) Because Telex has not employed plaintiff since this settlement, plaintiff's release bars his present Title VII discrimination claims against Telex. *See, e.g., Pilon v. Univ. of Minn.*, 710 F.2d 466, 467-68 (8th Cir. 1983) (concluding that a general release barred a plaintiff's post-settlement Title VII claims

where the plaintiff was represented by an attorney throughout settlement negotiations and the language of the release was clear and unambiguous).

### C. Plaintiff's Retaliation Claims

In addition to his discrimination claims, plaintiff alleges that Telex retaliated against him for filing the above-mentioned lawsuit and additional administrative charges against Telex (Filing No. 7 at CM/ECF pp. 1-2). Specifically, plaintiff alleges that Telex (1) provided negative references to his prospective employers, (2) forced his ex-wife to divorce him and then supported her through the divorce proceedings, (3) forced his ex-wife into a relationship with a Telex employee and directed that employee to harass plaintiff about the relationship, and (4) hired someone to kill him (Filing Nos. 1 and 7). The Court will explore these retaliation claims in turn.

*1. Negative Reference Retaliation Claims*

First, plaintiff alleges that Telex retaliated against him by providing negative references to prospective employers (Filing No. 7 at CM/ECF pp. 1-2). To establish a retaliation claim under Title VII, plaintiff must show that "he engaged in statutorily protected conduct, that defendant[] took an adverse employment action against him, and that there was a causal link between the two actions." *McCullough v. Univ. of Ark. for Med. Scis.*, 559 F.3d 855, 864 (8th Cir. 2009). For Telex's alleged

negative employment references to constitute an adverse employment action, plaintiff must show that Telex disseminated false information "that a prospective employer would view as material to its hiring decision." *Szymanski v. County of Cook*, 468 F.3d 1027, 1029 (7th Cir. 2006).

Here, plaintiff alleges that Telex provided negative employment references to several prospective employers including Kawasaki, Molex, the U.S. Department of Defense, and Budweiser (Filing No. 30-2, Attach. 1 at CM/ECF pp. 11, 13, 14, 17). However, plaintiff does not substantiate these allegations with sufficient evidence to show that any of the negative employment references actually occurred. Further, plaintiff has not presented any evidence to connect the alleged negative employment references to the filing of his prior lawsuit against Telex or the filing of his administrative charges against Telex. In order to survive summary judgment, plaintiff must do more than rely on his own testimony to raise a genuine issue of material fact as to whether defendant retaliated against him. *See, e.g., Fischer v. AT & T Corp.*, No. 97-2456, 1998 WL 78996, at *2 (7th Cir. Feb. 19, 1998) (unpublished). In short, plaintiff's allegations and deposition testimony, without more, are insufficient to avoid summary judgment on his negative reference retaliation claims.

*2. Remaining Retaliation Claims*

Like his negative reference retaliation claims, plaintiff fails to substantiate his remaining retaliation claims. Plaintiff has not submitted any evidence to show that Telex hired someone to kill him or was somehow involved in his divorce, his ex-wife's sexual relationships or any harassment. In short, plaintiff's allegations are based on mere speculation and conjecture.

In contrast, Telex has submitted sworn affidavit testimony indicating that Telex did not hire someone to kill plaintiff, was not involved in plaintiff's divorce or his ex-wife's sexual relationships and did not direct anyone to harass plaintiff (Filing No. 30-10, Attach. 9 at CM/ECF pp. 2-5; Filing No 30-11, Attach. 10 at CM/ECF pp. 2-3). Because plaintiff's remaining retaliation claims are speculative and completely contradicted by the record, the Court finds that Telex is entitled to summary judgment as a matter of law. *See, e.g.,* Reed v. City of St. Charles, 561 F.3d 788, 790 (8th Cir. 2009) (concluding that mere speculation, conjecture, or fantasy, unsupported by specific facts or evidence beyond a plaintiff's own conclusions, cannot withstand a motion for summary judgment).

A separate order will be entered in accordance with this memorandum opinion.

DATED this 22nd day of December, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court